### ARTHUR O. TROTTIER vs. THOMAS FOLEY

#### NOVEMBER 7, 1919.

PRESENT: Parkhurst, C. J., Sweetland, Vincent, Stearns, and Rathbun, JJ.

(1) *Writs of Error. "Decision" of District Court. Conclusions of Law and Fact.*

Where no record appears, other than the decision noted on the writ to show what the "conclusions of law and fact" of a judge of a district court, were, as it does not appear from the record whether such decision was based wholly upon facts or upon conclusions of law, a writ of error will not lie to review such decision.

(2) *Writs of Error.*

Upon a writ of error, questions of law and not errors of fact are reviewable.

(3) *"Decision" of District Court. Conclusions of Law and Fact.*

It is competent for a judge of a district court at any time to amend his decision by amplifying it if necessary to conform to Gen. Laws, 1909, cap. 288, Sec. 20, in regard to noting his conclusions of law and fact, as of the date of the decision so as to show whether such decision was based wholly upon facts or upon conclusions of law.

Writ of Error.    Heard on motion for reargument and denied.

Per Curiam.    After the rescript of this court, fileld October 15, 1919, upon the petition of the garnishee, Original Bradford Soap Works, Inc., for a writ of error to review the action of a judge of the District Court of the Sixth Judicial District in charging the garnishee, in which rescript this court held that it could find no error upon the record, and ordered that the writ of error be abated, the petitioner, by leave of court, filed a motion for reargument.    This court has considered the grounds of that motion and finds nothing therein which in any wise changes its opinion as expressed in its rescript.

In that rescript we said: "The petitioner could have requested the judge to state in his decision the grounds thereof (See Gen. Laws, R. I. 1909, Chap. 288, Sec. 20)." Chap. 288, Sec. 20, reads as follows: "Sec. 20.    In every case tried by the district court, or by the superior court without the intervention of a jury, the court deciding the same shall briefly note its conclusions of law and fact on its docket, or file the same with the papers in the case, and such record shall be known as a decision."

The decision noted by the judge on the back of the writ and thus filed "with the papers in the case" is as follows: "September 24, 1919.    On motion and proof judgment is entered for the plaintiff for $10.25 and costs, the garnishee charged to the extent of $14. on the original attachment, and to the extent of $18. on the attachment by mesne process.    Frederick Rueckert Justice."

It appears in the papers that the treasurer of the garnishee was summoned by writ of subpœna *duces tecum* to appear with books and papers, &c. to testify before the court on September 24, 1919, but no record of such testimony appears in the papers and the only record which appears in the papers is the decision quoted above; we are led to infer that the garnishee's treasurer did appear and testify and that the judge made his decision on September 24, 1919, after

hearing such testimony; but no record appears, other than that decision, which shows what the judge's "conclusions of law and fact" were. We can only infer that after hearing said testimony the judge came to the conclusion that the garnishee in fact did owe to the defendant the sums of $14. and $18. respectively as set forth in the decision. As stated in our rescript (filed October 15, 1919): "The petitioner could have requested the judge to state in his decision the grounds thereof (See Gen. Laws, R. I. 1909, Chap. 288,, Sec. 20); he has seen fit to bring the record here as it is; and there is nothing therein from which we can find any error of law subject to review."

Under the authority of *The Ashaway National Bank* v. *The Superior Court*, 28 R. I. 355, 359, it was competent for the judge of the District Court at any time to have amended his decision "in the interest of truth" by amplifying it if necessary to conform to the statute, as of the date of the decision (September 24). If that were done, it would then appear whether the decision was based wholly upon facts or upon conclusions of law. Upon a writ of error this court considers only questions of law; errors of fact are not thus reviewable. In the present state of the record we are unable to find any error of law to review. If, by addition to or amendment of the decision, it shall hereafter be made to appear that any question of law is involved, such question may be reviewed upon another writ of error.

The motion for reargument is denied.

*Robinson & Robinson, David C. Adelman,* for plaintiff.
*John L. Curran,* for garnishee.